Filed 12/27/24  Bryant v. City of Pomona CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| JULIAN BRYANT, et al., | B326862 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. 19STCV46308) |
| v. | |
| CITY OF POMONA, et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Frederick Shaller, Judge.  Affirmed.

Ivie McNeill Wyatt Purcell & Diggs and Rickey Ivie; Pollak, Vida & Barer and Daniel P. Barer for Plaintiffs and Appellants.

McCune & Harber, Dana John McCune, and Dominic A. Quiller for Defendant and Respondent City of Pomona.

Kronenberg Law, William S. Kronenberg, and Jason K. Cheung for Defendant and Respondent Foothill Transit, Inc.

————————

Plaintiffs Julian, Rochelle, and Jerry Bryant appeal from a judgment in favor of defendants City of Pomona (the City) and Foothill Transit, Inc. (Foothill) (collectively, defendants), following a jury trial on plaintiffs' dangerous condition of the road case. Plaintiffs argue the trial court erroneously afforded defendants more peremptory challenges than permitted under Code of Civil Procedure section 231,[1] and defendants' exercise of 12 peremptory challenges, rather than the eight they should have been allowed, changed the jury's composition to plaintiffs' detriment. We affirm because plaintiffs cannot show prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

While crossing a Pomona street mid-block early in the morning to catch a bus, 15-year-old Julian Bryant[2] was hit by a speeding car driven by Edward Reed. Julian suffered severe head trauma from the collision and is now unable to speak or do anything independently. As of the time of trial, Julian had been in a convalescent facility for three years.

Plaintiffs sued the City for negligence and dangerous condition of public property. Plaintiffs alleged the bus stop was placed in a dangerous location, near the southern end of the

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

[2] We subsequently refer to Julian Bryant by his first name because he shares his last name with the other plaintiffs, his parents.

intersection. Plaintiffs alleged that the City had previously determined that the southern end of the intersection was unsafe for pedestrians to cross and installed no-pedestrian-crossing signs there. Plaintiffs alleged that these signs were removed during road construction a year before the collision and their removal made the roadway unsafe for pedestrians. The City cross-complained against Foothill for express indemnity, equitable indemnity, and declaratory relief. Foothill then cross-complained against the City for express contractual indemnity, equitable indemnity, contribution, breach of contract, and declaratory relief. The court bifurcated the proceedings: during the first phase, a jury would decide plaintiffs' claims, and during a second phase, the court would hold a bench trial on the cross-complaints. The City and Foothill agreed they would not " 'point the finger' " at each other during the jury trial.

Prior to the jury trial, plaintiffs moved for the court to limit defendants to a total of eight shared peremptory challenges, pursuant to section 231, subdivision (c), which states: "If there are more than two parties, the court shall, for the purpose of allotting peremptory challenges, divide the parties into two or more sides according to their respective interests in the issues. Each side shall be entitled to eight peremptory challenges. If there are several parties on a side, the court shall divide the challenges among them as nearly equally as possible." Plaintiffs argued that defendants were on the same "side" with regard to the jury issues. The City opposed the motion. The court subsequently ruled that defendants were on different sides for purposes of allotting peremptory challenges pursuant to section 231, and it afforded the City and Foothill each eight peremptory challenges. During voir dire, defendants exercised six

3

peremptory challenges each, and plaintiffs exhausted their eight peremptory challenges.

At trial, testimony showed that Julian lived near the location of the collision and knew how to safely cross this particular street. Video and testimony established that at the time Reed hit Julian with his car, it was still dark out, and Julian, in dark clothing, was running to catch a public bus to go to high school. Julian crossed a four-lane road (two lanes traveling south and two traveling north) mid-block, about 30 to 50 feet south of the intersection. Before crossing, Julian waited for the northbound cars to pass. As Julian crossed the two northbound lanes, Reed was driving southbound on the street at 45 miles per hour (10 miles per hour over the speed limit) in the number two lane closest to the curb. Reed changed to the number one lane (closest to the center of the road) to avoid the bus that was pulling away from the curb. As Julian was crossing the southbound lanes, Reed's vehicle struck him.

Plaintiffs introduced evidence that less than a year before the collision, the City had removed a no-pedestrian-crossing sign while performing street work and did not replace it. Plaintiffs' expert testified that the absence of a no-pedestrian-crossing sign coupled with other unsafe conditions, such as the signal timing, bad visibility due to the curve of the street, and high speed of the cars, created a dangerous condition. Plaintiffs also showed that Foothill had received requests to move the bus stop for safety reasons, had considered relocation, but then did not pursue it.

After eight days of testimony, the parties gave closing arguments and the court instructed the jury. About a half hour after beginning deliberations, the jury reached a verdict. The jury found by a vote of 11 to one that Foothill did not create a

dangerous condition and by a vote of nine to three that the City did not create a dangerous condition.

In November 2022, the court entered judgment in favor of the City and Foothill.  Plaintiffs filed a new trial motion and a motion for judgment notwithstanding the verdict.  The court denied both motions.  Plaintiffs appealed.

## DISCUSSION

As mentioned above, when there are more than two parties in a trial, section 231 directs the court to divide the parties into two or more sides according to their respective interests in the issues and then allot each side eight peremptory challenges.  Where there are two parties on a side, they evenly split the eight peremptory challenges.  (§ 231.)  Plaintiffs argue the court erred in allotting the City and Foothill eight peremptory challenges each because they were on the same "side."

We need not decide whether the trial court erred in allotting the peremptory challenges because any error was not prejudicial.  " 'No form of civil trial error justifies reversal and retrial, with its attendant expense and possible loss of witnesses, where in light of the entire record, there was no actual prejudice to the appealing party.' [Citation.]  Accordingly, errors in civil trials require that we examine 'each individual case to determine whether prejudice actually occurred in light of the entire record.' [Citations.]  The [*People v. Watson* (1956) 46 Cal.2d 818] standard is essentially congruent with the longtime statutory standard for reversal set forth in Code of Civil Procedure section 475, which provides in pertinent part that '[n]o judgment . . . shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect *was prejudicial*, and also that by

5

reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury, *and that a different result would have been probable* if such error, ruling, instruction, or defect had not occurred or existed.  There shall be no presumption that error is prejudicial, or that injury was done if error is shown.'  (Italics added.)" (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 801–802; *Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.)

Plaintiffs urge the error was prejudicial because defendants each exercised six peremptory challenges, collectively four more than they would have if the trial court had recognized that they were on a single side.  Plaintiffs assert that because of the court's error, "[a]t least one juror hostile to [plaintiffs] got onto the jury," and that juror's participation negatively impacted the case, which was "a close one, as shown by the 9-3 vote for the City." Specifically, plaintiffs argue that Juror No. 8, who voted for the verdicts in favor of both defendants, would not have been on the jury had the peremptory challenges been properly allocated. Plaintiffs also contend that a different jury panel would have found in favor of plaintiffs because they had a "strong case."

Plaintiffs' argument is too speculative to demonstrate that a more favorable result would have been probable if the court had limited defendants to four peremptory challenges each.  (See *People v. Singh* (2015) 234 Cal.App.4th 1319, 1331 ["Mere *speculations* of prejudice are insufficient."].)  Plaintiffs identify only *one* juror they considered to be problematic, Juror No. 8. Even if someone else had replaced Juror No. 8 on the jury, there is no indication in the record that this substitution would have likely led to a different outcome.  There was ample evidence of

6

Reed's and Julian's negligence supporting the jury's verdict, and the majority of the jurors quickly found in defendants' favor.

Furthermore, a party is entitled to qualified and competent jurors, not to any particular juror. (*People v. Henderson* (2022) 78 Cal.App.5th 530, 566–567 [addressing discharge of sitting juror in criminal context], citing *People v. Abbott* (1956) 47 Cal.2d 362.) Plaintiffs make no argument that they were denied a panel of qualified and competent jurors because of the peremptory challenge allotment. Plaintiffs do not contend that Juror No. 8 was not qualified or competent. At trial, plaintiffs challenged Juror No. 8 for cause, which the trial court denied. Plaintiffs make no argument on appeal that the trial court abused its discretion in denying their for-cause challenge. (See *Alcazar v. Los Angeles Unified School Dist.* (2018) 29 Cal.App.5th 86, 99 [rulings on motions to exclude jurors for cause are reviewed for abuse of discretion]; see also *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [argument not briefed is forfeited].)

As plaintiffs cannot prove prejudice, i.e. that a different result would have been probable if defendants had received eight peremptory challenges collectively, we must affirm the judgment.

## DISPOSITION

The judgment is affirmed.  Defendants and respondents City of Pomona and Foothill Transit, Inc. are awarded their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



ADAMS, J.